Herbert, J.
The basic question presented here is whether the agreement, supra, is valid in whole or in part. The courts both here and in England have definitely modified the early English rule of rigid construction of agreements in restraint of trade to meet an ever growing and expanding economy.
Originally it was held that all agreements in restraint of trade were void as being against public policy. Mitchel v. Reynolds (1711), 1 P. Wms., 181, 24 Eng. Rep., 347.
*405 In the course of a century and a quarter, a second rule was evolved wherein general restraints were considered void as being against public policy, while partial restraints were judged according to their “reasonableness” as a restraint of trade. Ward v. Byrne (1839), 5 Mees. & Wels., 548, 151 Eng. Rep., 232. The early American judiciary adopted this second rule, with the validity of the restraint dependent upon the existence of certain limitations as to time and space of the restraint. 17 Corpus Juris Secundum, 1109, Contracts, Section 240 (1963). The time and space rule was strictly applied at its inception, although its inequities were apparent. Every restraint, limited in time and space, was deemed partial and, therefore, valid, although patently unreasonable. The courts have also favored the rule of construction that illegal promises, if severable, may be stricken from an otherwise valid agreement in order to avoid the harshness of the time and space rule. See Briggs v. Butler (1942), 140 Ohio St., 499 (judgment of Common Pleas Court applying blue pencil test affirmed). Under the majority view this “blue pencil” test, or the doctrine of partial validity, requires that the terms be severable or the entire agreement fails. Somerset v. Reyner, 233 S. C., 324, 104 S. E. (2d), 344. A growing minority view does not require divisibility of terms; the agreement is held enforceable as to a reasonable restraint providing the agreement is not so unreasonable so as to preclude modification. Fullerton Lumber Co. v. Torborg, 270 Wis., 133, 70 N. W. (2d), 585. See 17 Corpus Juris Secundum, 1220, Contracts, Section 289 (1963).
For the time being, at least, we believe that the “blue pencil” or partial validity test should apply. Conforming Matrix Corp. v. Faber (1957), 104 Ohio App., 8, 14. The near unanimous view recognized by the courts today concerning trade restraints is embodied in the following statement of principle:
“An agreement in restraint of trade is reasonable if, on consideration of the subject matter, the nature of the business, the situation of the parties and the circumstances of the particular case, the restriction is such only as to afford fair protection to the interests of the covenantee and not so large as to interfere with the public interests or impose undue hardship *406 on the party restricted.” 17 Corpus Juris Secundum, 1124, Contracts, Section 247 (1963).
In addition to the absence or presence of limitations as to time and space, when attempting to decide the reasonableness of the restraint, the courts have considered the following factors: Whether the employee represents the sole contact with the customer; whether the employee is possessed with confidential information or trade secrets; whether the covenant seeks to eliminate competition which would be unfair to the employer or merely seeks to eliminate ordinary competition; whether the covenant seeks to stifle the inherent skill and experience of the employee; whether the benefit to the employer is disproportional to the detriment to the employee; whether the covenant operates as a bar to the employee’s sole means of support; whether the employee’s talent which the employer seeks to suppress was actually developed during the period of employment; and whether the forbidden employment is merely incidental to the main employment. Arthur Murray Dance Studios of Cleveland, Inc., v. Witter (1952), 62 Ohio Law Abs., 17, 33 to 38. See, generally, 17 Corpus Juris Secundum, 1135, Contracts, Section 254 (1963); annotation, 43 A. L. R. (2d), 94, 115 to 121 (1955); Ellis Trade Secrets, 125 to 169 (1953); Blake, Employee Agreements Not to Compete, 73 Harvard Law Review, 625, 646 to 674 (1960).
The agreement in the case at bar lends itself to the “blue pencil” or partial validity test. The agreement in effect provides that the appellant will refrain from participating in four distinct activities within a two-year period after termination of employment, to wit: (1) He will not engage in the same or similar competitive line of business on his own account; (2) he will not engage in the same or similar or competitive line of business for or in behalf of any former employee of the employer; (3) he will not divert or attempt to divert from employer any business whatsoever; and (4) he will not divert or attempt to divert from the employer any business whatsoever by influencing or attempting to influence any of the customers with whom he may have been dealing. Restraints Nos. (1) and (2) upon the employee-appellant have no limitation whatsoever as to space. These restraints, if enforced, would *407 apply to areas in the world where the employer-appellee has no activity whatsoever and may never intend to engage in any activity in snch a location. Consequently, it follows that restraints Nos. (1) and (2) are unreasonable and being severable are stricken from the agreement and are inoperative.
Restraints Nos. (3) and (4) are plainly for the protection of the employer in its own legitimate occupation and enterprise and, therefore, are valid and enforceable. Briggs v. Butler, supra (140 Ohio St., 499), 507.
It follows, therefore, that appellant is not subject to and is freed from restraints Nos. (1) and (2) and that he is subject to restraints Nos. (3) and (4) as herein indicated.
The judgment of the Court of Appeals is, therefore, affirmed in part and reversed in part as herein set out.

Judgment affirmed in part and reversed in part.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith and Gibson, JJ., concur.