OPINION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Fulton County Court of Common Pleas, which denied appellant Janet M. Gibson's motion for relief from judgment.
The facts of this case were previously set forth inBlake, etc. v. First Fed. Sav. Loan (July 24, 1998), Fulton App. No. F-98-003, unreported. Thus, we will refer to only those facts relevant to the instant appeal.
In 1986, appellant and James F. Blake were granted a dissolution of their marriage. The separation agreement specified that Blake retained a First Federal IRA which listed Gibson as the beneficiary.
Blake married appellee, Easter Blake, and in 1995 died intestate. Appellee was appointed the administratrix of Blake's estate.
Appellant obtained a copy of Blake's death certificate and received a tax release from the Lucas County Auditor. The death certificate listed appellee as the surviving spouse. On July 12, 1996, appellee, First Federal, paid appellant the balance of the IRA.
On February 10 1997, Blake commenced a lawsuit against dappellant and First Federal. The Fulton County Court of Common Pleas determined that the IRA balance was wrongly paid to appellant and she was ordered to restore the IRA to Blake's estate and reimburse First Federal. This court affirmed the decision of the trial court.
Pending the appeal to this court, the trial court stayed ruling on appellant's motion for court costs, attorney fees and punitive damages. After this court's determination, First Federal filed a motion for a determination of judgment, interest and costs. A hearing was held on the motions on December 11, 1998. Counsel for appellant failed to appear at the scheduled hearing. At the hearing, appellee Blake was granted $4,500 in attorney fees and $1,000 in punitive damages. First Federal was awarded $3,712 in attorney fees. A judgment entry reflecting the court's determination was filed the same day.
On December 22, 1998, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B). A hearing on the motion was held on January 27, 1999. At the hearing, the court found excusable neglect for appellant's counsel's absence at the previous hearing and proceeded to hear arguments on the merits of the motion.
Appellant argued that her actions did not constitute fraud, and there was no evidence of malice. As to First Federal, appellant argued that it was not entitled to indemnification because the bank was on notice that Blake had a claim to the IRA.
The trial court issued its judgment entry on January 28, 1999. In its findings of fact and conclusions of law, the trial court found, in part:
 "10) The Bank was negligent in releasing the funds to Defendant Gibson, especially after having been put on notice of Plaintiff's claim when Plaintiff told an employee of Defendant Bank that the funds were hers, but such negligence is not an excuse for Defendant Gibson's refusal to return the funds after the mistake was discovered and legitimate demand was made.
"11) Defendant Gibson's actions in asserting a claim of right to the bank, which she knew or should have known was false, in proffering documents to the bank which she knew would support her wrongful claim of right to the funds she knew she was not entitled to, and her refusal to return the funds after proper demand therefore had been made, in the aggregate, constitute fraud.
"12) The fraud was malicious and supported the Court's previous ruling that an award of punitive damages was appropriate."
The court then concluded that appellant had no meritorious defense and denied her motion pursuant to Civ.R. 60(B). Appellant then filed the instant appeal.
Appellant raises the following assignments of error:
 "I. THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING PUNITIVE DAMAGES AND ATTORNEY FEES AS NO EVIDENCE OF FRAUD WAS SHOWN.
"II. PUNITIVE DAMAGES WERE IMPROPER WHERE THE RECORD CONTAINS NO EVIDENCE OF MALICE.
"III. THE TRIAL COURT ERRED IN DETERMINING THAT FIRST FEDERAL WAS ENTITLED TO INDEMNIFICATION FOR ITS ATTORNEY FEES WHEN THERE WAS NO BASIS FOR THE AWARD."
It is well established that a motion for relief from judgment pursuant to Civ.R. 60(B) is left to the sound discretion of the trial court, and the court's ruling will not be disturbed absent a showing of abuse of discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1984), 5 Ohio St.3d 217, 219.
Civ.R. 60(B) sets forth the following grounds for relief from judgment:
 "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
In order to obtain relief from judgment pursuant to Civ.R. 60(B), a movant must demonstrate that:
 "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
These requirements must be shown by "operative facts" presented in evidentiary material accompanying the request for relief. EastOhio Gas Co. v. Walker (1978), 59 Ohio App.2d 216. Relief pursuant to Civ.R. 60(B) will be denied if the movant fails to adequately demonstrate any one of the requirements set forth inGTE, supra. Argo PlasticProducts v. Cleveland (1984), 15 Ohio St.3d 389, 391.
Appellant's first and second assignments of error relate to the trial court's decision to grant appellee Blake attorney fees and punitive damages. Thus, the assignments will be discussed together.
The general rule in Ohio is that a prevailing a party may not recover attorney fees as costs of litigation, absent statutory authorization. See Sorin v. Bd. of Edn. (1976),46 Ohio St.2d 177, 179. However, an exception to this general rule exists where a party against whom the fees are charged is found to have acted in bad faith. State ex rel. Crockettv. Robinson (1981), 67 Ohio St.2d 363, 369; ColumbusMedical Equip. Co. v. Watters (1983), 13 Ohio App.3d 149,153.
Punitive damages may be awarded where the type of malice demonstrated shows
 "(1) that state of mind * * * which * * * is characterized by hatred, ill will, or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." Preston v. Murty (1987), 32 Ohio St.3d 334, syllabus.
The purpose of awarding punitive damages is to punish "the guilty party for the wicked, corrupt, and malignant motive and design, which prompted him to the wrongful act." Detling v. Chockley
(1982), 70 Ohio St.2d 134, 136, overruled in part by Cabe v.Lunich (1994), 70 Ohio St.3d 598.
After careful review of the record, we find no abuse of discretion in the trial court's denial of appellant's Civ.R. 60(B) motion as it pertains to Blake. The trial court's decision to grant attorney fees and punitive damages was not "unreasonable, arbitrary or unconscionable" Blakemore, supra. Accordingly, appellant's first and second assignments of error are not well-taken.
Appellant's third assignment of error challenges the trial court's determination that First Federal was entitled to attorney fees based upon the theory of indemnity. Appellant argues that a First Federal employee was negligent in disbursing the funds to appellant and, thus, an indemnity award is precluded.
In this court's July 24, 1998 decision and judgment entry relating to the merits of this case, we affirmed the trial court's finding that First Federal was entitled to indemnification from appellant for the amounts it was required to pay appellee. Therefore, we cannot say that the trial court abused its discretion when it denied appellant's Civ.R. 60(B) motion for relief on this basis. Accordingly, appellant's third assignment of error is not well-taken.
On consideration whereof, we find that substantial justice has been done the party complaining, and the judgment of the Fulton County Court of Common Pleas is affirmed. Costs assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., Melvin L. Resnick, J. and Mark L. Pietrykowski, J., CONCUR.