BEARDSLEY, Appellant,

v.

MANFREDI MOTOR TRANSIT COMPANY et al., Appellees.

[Cite as *Beardsley v. Manfredi Motor Transit Co.* (1994), 97 Ohio App.3d 768.]

Court of Appeals of Ohio,
Butler County.

No. CA94–04–097.

Decided Oct. 3, 1994.

*Douglas H. Glenn,* for appellant.

*Baker & Hostetler* and *Stephen J. Habash,* for appellee Manfredi Motor Transit Co.

*Lee Fisher,* Attorney General, and *James M. Carroll,* Assistant Attorney General, for appellees Bureau of Workers' Compensation and Ohio Industrial Commission.

WALSH, Judge.

Plaintiff-appellant, Lee F. Beardsley, appeals a decision of the Butler County Court of Common Pleas granting summary judgment to defendants-appellees, Manfredi Motor Transit Company ("Manfredi"), J. Wesley Trimble, Acting Administrator, Bureau of Workers' Compensation, and Industrial Commission of Ohio. In his sole assignment of error, appellant alleges that the trial court erred because material issues of facts are in dispute.

On a hot, humid day in July 1990, appellant suffered a heart attack (myocardial infarction) while lifting heavy hoses during the course of his employment as a truck driver for Manfredi. Appellant was treated by Frederic Pashkow, M.D., who performed a surgical revascularization on appellant to repair appellant's damaged heart, veins, and arteries. Appellant filed a claim with the Industrial Commission for workers' compensation for this injury. The district hearing officer denied appellant's claim for workers' compensation. Upon appeal, the Cleveland Regional Board of Review also denied appellant's claim. Upon further appeal, commission staff hearing officers reversed the decision of the board of review and allowed the claim. Appellees appealed this decision to the Butler County Court of Common Pleas, which granted summary judgment in their favor.

In reviewing a trial court's decision granting summary judgment, a reviewing court must make an independent review of the record. *Am. Energy Serv. v. Lekan* (1992), 75 Ohio App.3d 205, 208, 598 N.E.2d 1315, 1316–1317. A reviewing court must look at the same evidentiary materials that the trial court looked at in its analysis. *Id.*

In determining if the trial court's decision was correct in granting summary judgment, a reviewing court must use the same analysis that the trial court must use under Civ.R. 56(C). First, there must be no genuine issue of

material fact that remains to be litigated. *Newbury Twp. Bd. of Twp. Trustees v. Lomack Petroleum* (1992), 62 Ohio St.3d 387, 390, 583 N.E.2d 302, 304–305. Second, the moving party must be entitled to summary judgment as a matter of law. *Id.* Finally, it must be clear from the evidence that reasonable minds can come to but one conclusion, that being in favor of the party moving for summary judgment. *Id.*

█ In this case, the trial court erred by granting appellees' motion for summary judgment because there are genuine issues of material fact that remain to be litigated. Summary judgment was improperly granted because there is a factual dispute as to the proximate cause of appellant's injury. In order to receive workers' compensation an employee must sustain an injury in the course of and arising out of the injured employee's employment. R.C. 4123.01(C). However, workers' compensation does not cover injury "caused primarily by the natural deterioration of tissue, organ, or part of the body." R.C. 4123.01(C)(2).

█ Although appellant sustained his injury while working, there is a dispute over whether his injury was a result of the lifting he was doing when he suffered the myocardial infarction or whether it was a result of the deterioration of appellant's cardiovascular system as a result of his lifestyle. Appellant's treating physician, Dr. Pashkow, testified at a deposition that the root cause of appellant's myocardial infarction was appellant's preexisting coronary artery disease. Dr. Pashkow, however, also testified that the heavy exertion appellant was engaged in precipitated the myocardial infarction. Since an employee may receive compensation if an injury is accelerated in the course of employment or arising out of employment, there remains a genuine issue of material fact as to whether or not appellant's injury was aggravated by his employment. See *Oswald v. Connor* (1985), 16 Ohio St.3d 38, 41, 16 OBR 520, 522–523, 476 N.E.2d 658, 661–662.

Accordingly, appellant's assignment of error is sustained and the trial court's decision which granted appellees' motion for summary judgment is reversed, and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

KOEHLER, J., concurs.

FRED E. JONES, P.J., dissents.

JONES, Presiding Judge, dissenting.

Since 1986, R.C. 4123.01(C)(2) has excluded from compensable injuries those caused primarily by natural, as opposed to occupational, causes:

"(C) 'Injury' does not include:

" * * *

"(2) Injury or disability caused *primarily* by the natural deterioration of tissue, an organ, or part of the body[.]"  (Emphasis added.)

The purpose of R.C. 4123.01(C)(2) is to "exclude from coverage persons who are injured *primarily* because of natural causes, and thereby protect the fund for persons who are injured in the scope of their employment." (Emphasis added.) *Preusser v. Ohio Power Co.* (Dec. 6, 1993), Stark App. No. CA–9266, unreported, 1993 WL 535433. The statute frames the issue: Injuries caused "primarily" by natural causes are not compensable. The only factual issue is whether Beardsley's heart attack was caused primarily by his coronary artery disease. If it was, he is not entitled to participate in the Workers' Compensation Fund.

Dr. Pashkow's undisputed testimony is that Beardsley's heart attack was caused "primarily" and "fundamentally" by his coronary artery disease. Because there was no evidence otherwise, there is no question of fact about the primary cause of the heart attack. Reasonable minds can conclude only that the heart attack was caused primarily by natural causes, thus excluding it from the definition of "compensable injury."

Summary judgment was proper and I would affirm the judgment of the trial court.