**GALLAHER, Appellant,**

v.

**MANPOWER INTERNATIONAL, INC. et al., Appellees.***

[Cite as *Gallaher v. Manpower Internatl., Inc.* (1995), 106 Ohio App.3d 881.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–940912.

Decided Oct. 25, 1995.

*Bernard C. Fox* and *William D. Snyder,* for appellant.

*Dinsmore & Shohl, Gary E. Becker* and *Michael H. Strong,* for appellee Manpower International, Inc.

*Betty D. Montgomery,* Attorney General, and *Steven Fixler,* Assistant Attorney General, for appellees Industrial Commission of Ohio and Bureau of Workers' Compensation.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1996), 75 Ohio St.3d 1422, 662 N.E.2d 25.

SHANNON, Judge.

This appeal involves a worker's compensation claim brought by plaintiff-appellant Garry Gallaher following a heart attack on July 17, 1992, which plaintiff alleged he incurred in the course of and arising out of his employment with defendant-appellee Manpower International, Inc. Plaintiff's claim was denied by a staff hearing officer of the Industrial Commission on April 21, 1993, and that denial was affirmed by the Dayton Regional Board of Review on September 16, 1993. Plaintiff appealed to the Hamilton County Court of Common Pleas. Defendants moved for summary judgment, which was granted on November 8, 1994.

Plaintiff's single assignment of error alleges that the trial court erred in granting summary judgment to defendants on plaintiff's workers' compensation claim. In the court below, plaintiff presented evidence, in the form of an affidavit of his treating physician, that the lifting of boxes aggravated his preexisting heart disease, causing him to have a myocardial infarction. However, the Ohio Supreme Court has held that a preexisting disease aggravated during employment is not compensable. *Brody v. Mihm* (1995), 72 Ohio St.3d 81, 647 N.E.2d 778. Consequently, we hold that plaintiff's assignment of error is not well taken.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

GORMAN, P.J., concurs.

PAINTER, J., dissents.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.

PAINTER, Judge, dissenting.

I dissent because I do not read *Brody v. Mihm* (1995), 72 Ohio St.3d 81, 647 N.E.2d 778, to preclude recovery in this case. I agree with the analysis in *Beardsley v. Manfredi Motor Transit Co.* (1995), 97 Ohio App.3d 768, 647 N.E.2d 555. At the very least, the Ohio Supreme Court should clarify this issue.