Plaintiffs-appellants, Raquel Scott and her husband, Randy,[1] appeal a decision by the Warren County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Kings Island Company dba Paramount's Kings Island ("appellee"). We affirm.
On July 19, 1995, Raquel Scott went to the Kings Island amusement park to supervise a group of children that she provided day care for as part of her home child care business. Because most of the children were old enough to be on their own at the park, Raquel spent her time watching three young children, including Dakota Meyers ("Dakota"). Raquel took the three children to Kiddy Land, which included an attraction consisting of a climbing maze containing balls of various sizes and colors and which is enclosed in a mesh net. Leading up to the sole entrance to the maze were three steps made of a smooth, spongy material. The maze was located near an area of the park called Splat City, where water is sprayed for park patrons to play in or relax in.
While the three children were playing in the maze, Raquel stood outside. At some point, Raquel lost sight of Dakota, but she could hear him crying in the maze. Raquel went into the maze to retrieve Dakota. After about two minutes, she found him and attempted to exit the maze. In doing so, she slipped on the top step leading out of the maze. Raquel fell to the ground, which was wet. She was unable to ascertain if the steps were wet, but she did see wet footprints leading away from the area in which she fell.
As a result of her fall, Raquel injured her right ankle. She was taken to Bethesda North Hospital, where her ankle was wrapped, and she was given an ice pack and a prescription for pain medication. A few days later, Raquel contacted her physician, and she was referred to an orthopedic doctor. That doctor diagnosed Raquel's injury as a severe sprain and prescribed physical therapy. In February 1996, Raquel underwent surgery because her ankle had failed to improve. The surgery and therapy did not eliminate the problem, and she now wears a brace on her ankle. Since the accident, Raquel has given up her child care business due to her immobility and medical appointments.
On January 24, 1997, appellants filed a complaint against appellee for Raquel's personal injuries, pain and suffering, and other damages. Randy sought recovery for his loss of consortium. On December 24, 1997, appellee filed a motion for summary judgment, which the trial court granted on March 12, 1998. The trial court found that appellants had failed to prove that appellee had notice of the water hazard.
Appellants appealed, raising a single assignment of error:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR TO THE PREJUDICE OF THE PLAINTIFF-APPELLANTS BY GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WHERE THERE WERE ISSUES AS TO MATERIAL FACTS OF THE CASE AND THE DEFENDANTS WERE NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.
In their assignment of error, appellants attack the trial court's decision, arguing that they provided evidence which established the elements of premises liability, and therefore appellee should not have been granted summary judgment. Appellee counters that appellants did not provide evidence of what substance caused Raquel's fall, where such substance came from, or how long the alleged hazard existed.
Pursuant to Civ.R. 56 (C),[2] the trial court may grant summary judgment where there is no genuine issue as to any material fact. Welco Industries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344,346. A dispute of fact is "material" if it affects the outcome of the litigation, and is "genuine" if demonstrated by substantial evidence going beyond the allegations of the complaint. Burkes v. Stidham (1995), 107 Ohio App.3d 363, 371. Summary judgment will be granted if reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made. Id.
An issue of fact exists when the relevant factual allegations in the pleadings, affidavits, depositions or interrogatories are in conflict. Link v. Leadworks Corp. (1992), 70 Ohio App.3d 735,741. In deciding whether there is a genuine issue of material fact, the evidence must be construed in the nonmoving party's favor. Hannah v. Dayton Power Light Co. (1998),82 Ohio St.3d 482, 485. Further, "the inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the party opposing the motion." Id., citing Turner v. Turner (1993), 67 Ohio St.3d 337, 341.
In reviewing the moving party's motion, a trial court should award summary judgment with caution. Welco,67 Ohio St.3d at 346. Nevertheless, summary judgment is appropriate where a plaintiff fails to produce evidence supporting the essential elements of his claim. Id. In determining whether the plaintiff demonstrated the elements of his claim, an appellate court must independently review the record to determine if summary judgment was appropriate. Therefore, an appellate court affords no deference to the trial court's decision while making its own decision. Beardsley v. Manfredi Motor Transit Co. (1994),97 Ohio App.3d 768, 769.
To establish a negligence claim, appellants must show that appellee had a duty of care and breached that duty of care, and that the breach proximately caused injury to appellants.Sedar v. Knowlton Constr. Co. (1990), 49 Ohio St.3d 193, 198, overruled on other grounds, Brennaman v. R.M.I. Co. BechtelGroup, Inc. (1994), 70 Ohio St.3d 460, 467, amended (1994),71 Ohio St.3d 1211. The parties agree that Raquel was an invitee at appellee's park and that appellee had a duty of ordinary and reasonable care to keep the premises in a reasonably safe condition. Patete v. Benko (1986), 29 Ohio App.3d 325, 328. In order for a plaintiff to recover damages from a slip and fall accident as a business invitee, the plaintiff-invitee must establish:
 1. That the defendant through its officers or employees was responsible for the hazard complained of; or
 2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
 3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn was attributable to a want of ordinary care.
Baudo v. Cleveland Clinic Found. (1996), 113 Ohio App.3d 245,248, quoting Johnson v. Wagner Provision Co. (1943), 141 Ohio St. 584,589. Speculation or conjecture on the plaintiffs' part as to the culpable party who caused the fall and what caused the fall is not sufficient to establish the premises owner's liability as a matter of law, because the issue of proximate cause is not open to speculation and plaintiff cannot point to a wrong or negligent act by the defendant. Johnson v. KrogerCo. (Oct. 19, 1994), Scioto App. No. 94CA2218, unreported, citing Strother v. Hutchinson (1981), 67 Ohio St.2d 282. An inference of negligence can arise only upon proof of some fact from which such inference can reasonably be drawn. Goodin v.Kroger Co. (June 21, 1993), Butler App. No. CA93-01-009, unreported, citing Parras v. Standard Oil Co. (1953), 160 Ohio St. 315.
Appellants argue that the evidence they have presented raises the inference that appellee caused the hazard by placing the two attractions so close that the water from Splat City could be tracked to the maze entrance by patrons. Appellants further argue that appellee knew of this danger, because appellee normally had an attendant working at the maze entrance to keep wet patrons from entering the maze and to ensure that the steps were kept dry and safe, but at the time Raquel fell, there was not an attendant present. Appellants assert that had an attendant been present, the water would have been noticed, and Raquel's fall could have been prevented.
Even assuming that appellants are correct that appellee's placement of the attractions could cause a hazard and that appellee should have had an attendant at the maze entrance, and viewing the underlying facts in a light most favorable to appellants, we must still conclude that there does not exist any genuine issue of material fact. Appellants have failed to provide any evidence that Raquel's fall was due to the steps being wet. Raquel testified in her deposition that the steps were dry when she entered the maze. Further, she did not know whether the top step was wet when she exited the maze, much less whether water from Splat City or any other source caused the steps to be wet. Raquel stated only that the ground that she landed on was wet and that she saw wet footprints leading away from the ground where she landed.
Even when viewing such evidence in a light most favorable to appellants, we cannot say that appellants have proven the first requirement to establish premises liability. Because appellants cannot show that the top step from which Raquel fell was wet, much less show that appellee caused the step to be wet, appellants cannot demonstrate how appellee was responsible for the alleged hazard. Furthermore, the fact that the wet footprints led away from the maze leads to inference that the water did not come from Splat City. Without some evidence establishing that the step complained about actually was wet, appellants have failed to prove that a hazard existed. Appellants have failed to present evidence that a material issue of fact existed, and summary judgment was appropriately granted. Civ.R. 56(C).
Accordingly, appellants' assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] When referred together, Raquel and Randy Scott will be referred to as "appellants." When referred to individually, they will be referred to by their first names, "Raquel" and "Randy."
[2] Civ.R. 56(C) states in pertinent part:
 Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.