Plaintiffs-appellants, Debra Lindsey and her husband, Daniel,[1] appeal an entry by the Clermont County Court of Common Pleas granting a motion for summary judgment filed by defendant-appellee, Auto Temp, Inc. We affirm.
In the summer of 1996, Debra was employed by TRC Staffing Services ("TRC"), a temporary employment agency. TRC provides temporary workers to its customers. TRC handles all compensation matters and pays workers' compensation premiums, but it does not directly supervise employees, leaving that to the discretion of the assigned company. The same is true of all training and work procedures.
In June 1996, TRC sent Debra to work in appellee's factory. Appellee forms glass parts for automobiles, and Debra was to work on the assembly line, moving the glass products from the washing area to the shipping area. Debra received training from one of appellee's employees, and then she was supervised for three weeks by that same employee. At no time was there anyone from TRC on the premises, and the equipment used was under the control of appellee.
On July 18, 1996, Debra was moving a cart stacked with glass when one of the cart's wheels became lodged in an indentation in the concrete floor. As Debra attempted to pull the cart, it fell on top of her. As a result, her right leg was severely broken and permanently injured. Due to her injury, Debra filed a workers' compensation claim, which was granted.
On January 24, 1997, appellants filed a complaint against appellee for Debra's personal injuries, pain and suffering, and other damages, and for Daniel's loss of consortium. The complaint alleged that appellee had been negligent in maintaining the premises, and, in the alternative, appellee was Debra's employer and had committed an intentional tort. The complaint also named unknown companies which had manufactured and distributed the cart.
On May 18, 1998, appellee filed a motion for summary judgment. On June 1, 1998, appellants filed a motion for partial summary judgment on the issue of appellee's liability. On September 2, 1998, the trial court entered its judgment denying appellants' motion for partial summary judgment and granting summary judgment to appellee. The trial court found that Debra was an employee of appellee for purposes of R.C. Chapter 4123, the workers' compensation statute, and that appellants had not shown that appellee knew with substantial certainty that injury would occur. Appellants appeal, raising three assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN DETERMINING THAT SHE WAS AN EMPLOYEE OF DEFENDANT-APPELLANT [sic] AUTOTEMP [sic] UNDER THE OHIO WORKERS' COMPENSATION ACT AND IN PROVIDING DEFENDANT-APPELLANT [sic] IMMUNITY FROM SUIT FOR NEGLIGENCE AS PROVIDED IN THE WORKERS' COMPENSATION ACT.
In the first assignment of error, appellants argue that the trial court erred in finding appellee to be Debra's employer under the workers' compensation statute. They assert that TRC was Debra's only employer, and appellee was not immune from suit pursuant to R.C. 4123.74.
Pursuant to Civ.R. 56(C),[2] the trial court may grant summary judgment where there is no genuine issue as to any material fact. Welco Industries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344,346. In deciding whether there is a genuine issue of material fact, the evidence and "the inferences to be drawn from the underlying facts contained in the evidentiary materials * * * must be construed in a light most favorable to the party opposing the motion." Hannah v. Dayton Power LightCo. (1998), 82 Ohio St.3d 482, 485. Summary judgment is appropriate where the plaintiffs fail to produce evidence supporting the essential elements of their claim. Id. In determining whether the plaintiffs demonstrated the elements of their claim, an appellate court must independently review the record to determine if summary judgment was appropriate. Therefore, an appellate court affords no deference to the trial court's decision when making its decision. Beardsley v.Manfredi Motor Transit Co. (1994), 97 Ohio App.3d 768, 769.
Upon a thorough review of the record and evidentiary material, we find that the trial court did not err in its well-reasoned finding that appellee was Debra's employer pursuant to the workers compensation statute. R.C. 4123.01;Campbell v. Central Terminal Warehouse (1978), 56 Ohio St.2d 173, 383 N.E.2d 135; McNeal v. Bil-Mar Foods of Ohio, Inc.
(1990), 66 Ohio App.3d 588, jurisdiction motion overruled (1990), 55 Ohio St.3d 715. Thus, the trial court properly found that appellee was immune from suit for negligence which may have caused injury to Debra. R.C. 4123.74. Accordingly, appellants' first assignment of error is overruled.
Assignment of Error No. 2:
 AFTER THE TRIAL COURT FOUND PLAINTIFF-APPELLANT LINDSEY TO BE AN EMPLOYEE OF DEFENDANT-APPELLEE AUTO-TEMP [sic], THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY GRANTING DEFENDANT-APPELLEES MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF-APPELLANT'S INTENTIONAL TORT CAUSE OF ACTION.
In the second assignment of error, appellants assert that they presented sufficient evidence to create a question of fact as to whether appellee had committed an intentional tort which resulted in Debra's injuries. Specifically, appellants argue that they established that appellee had prior knowledge of defects in the concrete floor and that the carts were prone to overturn.
Keeping in mind the above standard of review for summary judgment, we find that the trial court did not err in finding that appellants' failed to present evidence which established a material question of fact as to the elements of their claim. Specifically, we agree with the trial court that appellants have failed to present any evidence which would tend to establish that appellee had prior knowledge that harm to Debra was likely to occur through the alleged defects in the floor or carts. Fyfe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115, paragraph one of the syllabus; Richie v. Rogers Cartage Co.
(1993), 89 Ohio App.3d 638, 644, jurisdiction motion overruled (1993), 68 Ohio St.3d 1421. Accordingly, appellants' second assignment of error is overruled.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN DENYING PLAINTIFF-APPELLANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF LIABILITY ON HER NEGLIGENCE CLAIM AGAINST DEFENDANT-APPELLEE AUTOTEMP [sic].
In the final assignment of error, appellants argue that the trial court should have granted them partial summary judgment because appellee was not Debra's employer, and appellee's negligence caused her injuries. In light of our discussion of appellants' first and second assignments of error, we find that this assignment of error lacks merit. Accordingly, appellants' third assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.
[1] When referred together, the Lindseys will be referred to as "appellants." When referred to individually, they will be referred to by their first names, "Debra" and "Daniel."
[2] Civ.R. 56(C) states, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.