OPINION
Plaintiffs-appellants, Jesse Barnett and Tammie Osborne, appeal the decision of the Butler County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Globe American Casualty Company ("Globe American").
Jesse Barnett ("Jesse") is the son of Tammie Osborne ("Tammie") and Jesse Osborne ("Osborne"). Jesse and Tammie had an automobile insurance policy with Globe American which included underinsured motorist ("UIM") coverage of $12,500 per person or $25,000 per accident.
On March 14, 1998, Jesse was a passenger in a car driven by William Carr, now deceased. Carr was insured by Westfield Insurance Company ("Westfield") with liability coverage of $100,000 per person, $300,000 per accident. Carr lost control of the vehicle, causing an accident in which Jesse suffered serious injuries. Jesse and Tammie sued Carr's estate, as well as Globe American and Westfield. Jesse sought to recover insurance coverage proceeds for his injuries and medical expenses. Tammie sought insurance proceeds for her loss of consortium. Osborne later joined in the suit, also seeking loss of consortium.[1]
Westfield settled with Jesse and Tammie, agreeing to pay Carr's $100,000 per person liability limit. Jesse and Tammie both signed a release-settlement agreement relieving Westfield of further liability.
As to Globe American, Jesse and Tammie's complaint sought a declaratory judgment that they were entitled to recover UIM proceeds under their own policy. The allegations of their complaint raised a constitutional challenge to certain statutes and to the policy. The constitutional allegation read:
 Any and all provisions of H.B. 350, effective January 26, 1997, that may be applicable to, or alleged to be applicable to reduce or reject any of the claims or damages in this case, or the retroactive application of same, are in violation of the Constitution of the United States of America and the Constitution of the State of Ohio and are, therefore, unconstitutional, unenforceable, and inapplicable to this case.
The challenge to the policy read:
 Any and all provisions of the policy of insurance in this case, whatever they may be, which may be alleged to deny, deprive, reduce, or prevent coverage or the application of coverage benefits to the Plaintiff Jesse Barnett in this case including but not limited to exclusions of coverage as provided by the policy, has either been waived, released, or discharged, or are in violation of public policy of the State of Ohio, various provisions of the Ohio Revised Code governing the provision of such insurance policies, and/or in violation of the Constitution of the United States of America and the Constitution of the State of Ohio, and are therefore unconstitutional, unenforceable, and inapplicable to this case.
A copy of Jesse and Tammie's complaint was sent to the Attorney General, in accordance with R.C. 2721.12. Jesse and Tammie subsequently amended their complaint, but the amended complaint was not provided to the Attorney General. The above allegations were not altered in the amended complaint.
The parties filed motions for summary judgment. In their motion, Jesse and Tammie attacked on four constitutional grounds R.C. 3937.18, as amended on October 30, 1994 by Senate Bill 20 ("S.B. 20"). That statute governs UIM coverage and provides insurers a means to limit their liability under UIM policies. Jesse and Tammie also contended that their $100,000 settlement with Westfield could not be used to offset any proceeds they might otherwise recover under the Globe American UIM coverage.
The trial court granted summary judgment to Globe American and denied Jesse and Tammie's motion. The trial court first addressed each of Jesse and Tammie's constitutional challenges to S.B. 20 and R.C. 3937.18. The trial court found none of their arguments compelling. The trial court ruled that S.B. 20 amended R.C. 3937.18 to allow Globe American to set off its liability with any recovery Jesse and Tammie received from Westfield. Because their $100,000 recovery from Westfield was more than the Globe American $12,500 per person UIM limit, Globe American was not required to pay any UIM proceeds to Jesse and Tammie. Jesse and Tammie appeal.
 Assignment of Error No. 1: THE TRIAL COURT ERRED IN GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND DENYING APPELLANT'S [sic] MOTION FOR SUMMARY JUDGMENT.
Jesse and Tammie contend that the trial court erred by granting summary judgment to Globe American rather than to them. They argue that R.C.3937.18, as amended by S.B. 20, is unconstitutional, and that the statute does not allow Globe American to set off its liability by the amounts recovered from Westfield.
Pursuant to Civ.R. 56(C), the trial court may grant summary judgment where there is no genuine issue as to any material fact. WelcoIndustries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344, 346. In deciding whether there is a genuine issue of material fact, the evidence must be construed in the nonmoving party's favor. Hannah v. Dayton Power Light Co. (1998), 82 Ohio St.3d 482, 485. In determining whether the plaintiff demonstrated the elements of his claim, an appellate court must independently review the record to determine if summary judgment was appropriate. Therefore, an appellate court affords no deference to the trial court's decision when making its own decision. Beardsley v.Manfredi Motor Transit Co. (1994), 97 Ohio App.3d 768, 769.
Jesse and Tammie first contend that R.C. 3937.18, as amended by S.B. 20, is unconstitutional. This issue was not properly before the trial court. R.C. 2721.12 provided, in part:
 [W]hen declaratory relief is sought under this chapter in an action or proceeding, all persons who may have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding. * * * [I]f any statute * * * is alleged to be unconstitutional, the attorney general also shall be served with a copy of the proceeding and shall be heard.[2]
This provision is jurisdictional, thus a failure to comply with its terms results in the trial court not possessing jurisdiction to resolve the issue. Cicco v. Stockmaster (2000), 89 Ohio St.3d 95, 100. The complaint that Jesse and Tammie provided to the Attorney General challenged only H.B. 350, not S.B. 20. H.B. 350 had no effect on R.C.3937.18. Jesse and Tammie did not challenge S.B. 20 until they filed their motion for summary judgment, and the Attorney General was never notified of their motion. Thus, their constitutional challenge did not comply with R.C. 2721.12, and it was not properly before the trial court for resolution.
In any case, Jesse and Tammie's constitutional challenges were without merit. They asserted that R.C. 3937.18, as amended, violates the following Ohio Constitution provisions: Right to a Remedy, Section 16, Article I; Equal Protection and Privileges and Immunities, Section 2, Article I; Separation of Powers, Section I, Article IV; and the One-Subject Rule, Section 15(D), Article II. Each of these issues has been previously resolved by the Ohio Supreme Court. In Beagle v. Walden
(1997), 78 Ohio St.3d 59, the Court ruled that the S.B. 20 amendments to R.C. 3937.18 withstood each of these challenges. Jesse and Tammie's arguments to the contrary are frivolous.
Jesse and Tammie further assert that their UIM claims cannot be consolidated into a single per person coverage limit based upon Jesse being the only insured to suffer physical injuries. They further contend that Globe American is not allowed to set off its liability by the $100,000 recovered from Westfield.
R.C. 3937.18(H), as amended by S.B. 20, allows an UIM carrier to include in its policies
 terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim.
Jesse and Tammie assert that although the Globe American policy included a provision purporting to consolidate their claims under a single per person $12,500 UIM limit, their recovery cannot be so collectively limited. They contend that they should both be allowed to recover individual $12,500 per person limits. For the reasons below, we need not decide whether R.C. 3937.18(H) and the Globe American policy mandate that their claims be limited to a single per person UIM limit.
Jesse and Tammie make the claim that Globe American may not set off its UIM liability by the $100,000 they received in their settlement with Westfield. UIM carriers may include terms in the insurance policy to set off their liability by any amounts that the insured recovers from the tortfeasor's liability insurance, pursuant to R.C. 3937.18(A)(2):
 The policy limits of the [UIM] coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured.
In Littrell v. Wigglesworth (Mar. 13, 2000), Butler App. No. CA99-05-092 and CA99-08-141, unreported, motion to certify conflict granted, 89 Ohio St.3d 1468, discretionary appeal allowed,89 Ohio St.3d 1469, this court held that pursuant to S.B. 20's changes to R.C. 3937.18(A)(2) "offsets must now be done through a policy limit to policy limit comparison." Id. at 21-22, 2000 WL 270038, *10. Even if we were to assume that Jesse and Tammie are entitled to separate per person UIM limits of $12,500, we could only conclude that Globe American would not be liable to pay any UIM benefits. Jesse and Tammie received $100,000 from Westfield, both of them signing the settlement and release.[3] The $100,000 that Jesse and Tammie collectively received is far more than the $25,000 they would collectively receive if their claims were subject to separate per person UIM limits. Thus, the Westfield policy completely offsets any UIM proceeds for which Globe American would otherwise be liable.
The trial court properly granted summary judgment to Globe American, concluding that Globe American was not liable to Jesse and Tammie for UIM coverage. The assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.
[1] The record and trial court's decision do not indicate that Osborne was involved in the instant appeal or in the motions for summary judgment leading to this appeal. The entry appealed from contains "no just cause for delay" language pursuant to Civ.R. 54(B).
[2] Between the time of Jesse and Tammie's complaint and their amended complaint, R.C. 2721.12 was amended to provide that the Attorney General was to be served with "a copy of the complaint in the action" challenging the validity of a statute, rather than "a copy of the proceeding."
[3] Jesse and Tammie state in their appellate brief that "[a]lthough the release is executed by two of the Plaintiffs [Jesse and Tammie], releasing Westfield only from further liability payments, in exchange for the payment presented, Defendant [Globe Casualty] cannot dispute that regardless of how the money was accepted it was paid to Jesse Barnett, and Jesse Barnett alone, considering his medical expenses at this point approach $300,000.00, and in any event has nothing to do with Plaintiff * * * Osborne, not a party to that settlement." Although the $100,000 may eventually be used only for Jesse's expenses, that does not change the fact that both Jesse and Tammie executed the release with Westfield, together receiving $100,000 from Westfield. Had Tammie not wished to be bound by the settlement and release, she should not have signed it.