SAURER, Appellant,

v.

ALLIED MOULDED PRODUCTS, INC., Appellee, et al.

[Cite as *Saurer v. Allied Moulded Products, Inc.*, 150 Ohio App.3d 271, 2002-Ohio-6365.]

Court of Appeals of Ohio,
Sixth District, Williams County.

No. WM–02–006

Decided Nov. 22, 2002.

272

Todd T. Miller and Steven M. Spitler, for appellant.

Gregory B. Denny and Richard L. Johnson, for appellee.

JAMES R. SHERCK, Judge.

{¶ 1} This is an accelerated appeal from a summary judgment issued by the Williams County Court of Common Pleas in favor of an employer in a workers' compensation claim.

{¶ 2} In 1978, appellant, Lisa A. Saurer, then nine years old, was struck by a car while working for a Bryan, Ohio newspaper. Appellant sustained brain trauma in the accident, resulting in a condition known as dystonia. Appellant's dystonia is characterized by uncontrolled and painful muscular spasms in her left arm and leg.

{¶ 3} Appellant successfully pursued a workers' compensation claim for her 1978 injuries. The record is not wholly clear, but it appears she was awarded partial permanent disability for the loss of the use of her left hand. According to appellant, over the course of years, most of her symptoms abated.

{¶ 4} In mid–1999, appellant was hired part-time by appellee Allied Moulded Products, Inc. In September 1999, Allied moved appellant into a full-time position as a forklift operator. According to appellant, this work, which included heavy lifting, was more strenuous then her part-time duties. Appellant contends that over the course of approximately three months at this work her preexisting injury was aggravated, causing the reemergence of her earlier symptoms to the extent that she was no longer able to work.

{¶ 5} On May 11, 2000, appellant filed a claim with appellee Ohio Bureau of Workers' Compensation based on an "aggravation [of] chronic spasticity on the left." An Industrial Commission district hearing officer denied the claim, finding that appellant's "condition was preexisting and not aggravated by her employment * * * based upon the report of Dr. Wade * * *." An appeal was unavailing, as a staff hearing officer adopted the district hearing officer's findings and added the comment that appellant's "work activities are not of the nature which would cause this injury separate and apart from the preexisting condition. In addition, this is not a compensable claim pursuant to [*State ex rel.*] *Miller v. Mead* [*Corp.* (1979), 58 Ohio St.2d 405, 12 O.O.3d 348, 390 N.E.2d 1192]."

{¶ 6} When the Industrial Commission refused further appeals, appellant instituted the underlying appeal to the common pleas court, pursuant to R.C. 4123.512. There, the common pleas court granted a motion by appellee Allied Moulded Products for summary judgment. This appeal followed. Appellant asserts that the common pleas court erred in granting summary judgment to appellee.

{¶ 7} On review, appellate courts employ the same standard for summary judgment as do trial courts. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio

App.3d 127, 129, 572 N.E.2d 198. The motion may be granted only when it is demonstrated:

{¶ 8} "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 67, 8 O.O.3d 73, 375 N.E.2d 46; Civ.R. 56(C).

{¶ 9} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery* (1984), 11 Ohio St.3d 75, 79, 11 OBR 319, 463 N.E.2d 1246. A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. *Russell v. Interim Personnel, Inc.*(1999), 135 Ohio App.3d 301, 304, 733 N.E.2d 1186; *Needham v. Provident Bank* (1996), 110 Ohio App.3d 817, 826, 675 N.E.2d 514, citing *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202.

{¶ 10} There is little doubt that there is a factual question in this matter. In response to appellee's summary judgment motion, appellant submitted the affidavit of her treating neurologist, Dr. Curfman, who contradicted the findings of the Industrial Commission's physician, Dr. Wade. Dr. Curfman averred that, in his opinion, appellant's left body spasticity was aggravated by her work. This factual dispute between medical experts precludes summary judgment unless appellant is otherwise barred from participation in the fund as a matter of law.

{¶ 11} Appellee insists that appellant is barred from participating in the fund. For authority it cites *State ex rel. Miller v. Mead,* supra, and its progeny. Miller was a World War II veteran with some hearing loss caused by artillery fire. In 1975, while working for Mead, Miller claimed loud noise in Mead's machine room exacerbated his hearing loss. Miller's claim for workers' compensation was denied administratively, but this decision was reversed in a common pleas court appeal and affirmed by the court of appeals.

{¶ 12} The Ohio Supreme Court, however, denied Miller benefits. The court held that Miller was not entitled to benefits for an injury aggravating a prior

condition because Miller's additional hearing loss was not an "injury" in the sense that an "injury" occurred only as a "result of a sudden mishap." Moreover, the court concluded that Miller could not be due compensation for an "occupational disease" because the workers' compensation statutes require that for an "occupational disease" to be compensable, it must be "contracted in the course of employment * * *." Id. at 406, 12 O.O.3d 348, 390 N.E.2d 1192, citing *State ex rel. Ohio Bell Tel. Co. v. Krise* (1975), 42 Ohio St.2d 247, 71 O.O.2d 226, 327 N.E.2d 756, syllabus. Aggravation of a preexisting disease, therefore, is not compensable because the disease was not "contracted" at work. Id.

{¶ 13} This latter holding has been consistently followed in the line of cases appellee cites *Brody v. Mihm* (1995), 72 Ohio St.3d 81, 647 N.E.2d 778 (osteoarthritis aggravated by awkward positions required in job); *Compton v. 7–Up Bottling Co.* (1997), 119 Ohio App.3d 490, 695 N.E.2d 818 (aggravation of preexisting arthritis); *Hottel v. Timothy L. Hottel, D.D.S., Inc.* (Oct. 1, 1998), Cuyahoga App. No. 73431, 1998 WL 686253 (chemicals at work aggravated preexisting asthma); *Winbolt v. Bi–Con Services, Inc.* (Sept. 2, 1998), Guernsey App. No. 98–CA–7, 1998 WL 666744 (standing aggravated preexisting diabetes); *Gallaher v. Manpower Internatl., Inc.* (1995), 106 Ohio App.3d 881, 667 N.E.2d 475 (lifting aggravated preexisting heart condition); *Sweitzer v. Kroger Co.* (Aug. 10, 1995), Franklin App. No. 94APE10–1556, 1995 WL 491400 (aggravation of preexisting low-back fibrositis).

{¶ 14} Appellant points out, however, that the "sudden mishap" definition used in *Miller* to negate an "injury" claim was expressly overruled by *Village v. Gen. Motors Corp.* (1984), 15 Ohio St.3d 129, 15 OBR 279, 472 N.E.2d 1079, syllabus. In *Village*, the court held that gradually developing injuries precipitated by a worker's job-related duties are compensable. Id. This holding, according to appellant, coupled with the maxim that an "employer takes an employee as he finds him," *Hamilton v. Keller* (1967), 11 Ohio App.2d 121, 127, 40 O.O.2d 289, 229 N.E.2d 63, means that if appellant can show a causal relationship between her work and the aggravation of her preexisting condition, she is eligible for benefits. See Fulton, Ohio Workers' Compensation Law (2d Ed.1998) 176–178.

{¶ 15} As indicated, appellee has cited broad authority that *Miller* remains viable law—as it relates to diseases. *Brody*, 72 Ohio St.3d at 82, 647 N.E.2d 778. But even under a "disease" analysis, appellant is not excluded from benefits because of her unique facts. Recall that under *Miller*, aggravation of preexisting diseases is excluded from workers' compensation only because these diseases are not "contracted" in the course of employment. *Miller*, 58 Ohio St.2d at 406, 12 O.O.3d 348, 390 N.E.2d 1192. If we are to analyze appellant's spasticity as a disease, it is undisputed that her spasticity was "contracted" in the course of her employment, albeit her prior employment.

{¶ 16}  More realistic, however, is an "injury" analysis.  Appellant claims a wear-and-tear injury over a period of the 90 days she was a forklift operator.  Wear-and-tear injuries are compensable.  *Village v. General Motors Corp.*, supra.  Appellant claims that this injury aggravated her preexisting condition.  Aggravation of preexisting conditions are compensable.  See Fulton, supra, and cases cited therein.  Consequently, appellant is not precluded by law from workers' compensation benefits.  Since there are material questions of fact remaining, the trial court erred in awarding summary judgment to appellees.  Accordingly, appellant's sole assignment of error is well taken.

{¶ 17}   On consideration whereof, the judgment of the Williams County Court of Common Pleas is reversed.  This matter is remanded to the court further proceedings consistent with this decision.  Costs to appellees.

Judgment reversed
and cause remanded.

MARK L. PIETRYKOWSKI, P.J., and MELVIN L. RESNICK, J., concur.