DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal of a judgment of the Ottawa County Court of Common Pleas entered upon a jury verdict finding that plaintiff-appellee, *Page 2 
Dennis Haynes, is entitled to participate in the Workers' Compensation Fund for the conditions of osteoarthritis and impingement syndrome of the left shoulder. The trial court had denied defendant-appellant Erie Blacktop, Inc.'s motion for directed verdict. For the reasons that follow, we affirm.
 {¶ 2} The relevant facts are as follows. On October 6, 2003, during the course of his employment by appellant, appellee was injured while loading steel pipes onto a trailer. Appellee filed a workers' compensation claim. The Industrial Commission allowed two out of the four injuries/conditions that appellee claimed — ruptured long biceps tendon and left deltoid sprain/strain. Appellee appealed to the trial court the denial of his right to participate for the two denied conditions — osteoarthritis and impingement syndrome of the left shoulder.
 {¶ 3} At the close of appellee's case at a jury trial, appellant moved for a directed verdict alleging that appellee's expert had failed to provide an opinion as to the causal relationship between the alleged two conditions and the injury of record. The trial court denied appellant's motion. Ultimately, the jury returned a verdict for appellee.
 {¶ 4} Appellant asserts the following assignment of error:
 {¶ 5} "The trial court erred in overruling the [sic] Erie's motion for a directed verdict because Plaintiffs expert failed to provide the opinion that the October 6, 2003 industrial accident was the direct and proximate cause of the aggravation of the impingement syndrome and arthritis in Plaintiffs left shoulder." *Page 3 
 {¶ 6} Appellant contends that the trial court erred in not directing a verdict in favor of appellant because appellee's expert failed to establish a causal relationship between the alleged two conditions and the injury of record. In deciding whether to grant a motion for a directed verdict, the trial court does not weigh evidence or consider the credibility of the witnesses, but rather, reviews and considers the sufficiency of the evidence as a matter of law. Ruta v.Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66; O'Day v. Webb (1972),29 Ohio St.2d 215. Because a motion for a directed verdict presents a question of law, we review this assignment of error de novo.Goodyear Tire Rubber Co. v. Aetna Cas. Sur. Co., 95 Ohio St.3d 512,2002-Ohio-2842, ¶ 4.
 {¶ 7} Directed verdicts are governed by Civ.R. 50(A)(4), which sets out the standard for granting such a motion. That rule states:
 {¶ 8} "When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."
 {¶ 9} Further, relative to the issue of causation:
 {¶ 10} "`In order to establish a right to workmen's compensation for harm or disability claimed to have resulted from an accidental injury, it is necessary for the claimant to show by a preponderance of the evidence, medical or otherwise, not only that *Page 4 
his injury arose out of and in the course of his employment, but that a direct and proximate causal relationship existed between his injury and his harm or disability.'" Cook v. Mayfield (1989), 45 Ohio St.3d 200,204, quoting Fox v. Indus. Comm. (1955), 162 Ohio St. 569, paragraph one of the syllabus. Further, the establishment of proximate cause through medical expert testimony must be by probability, not mere possibility.Hess v. Ford Motor Co. (Aug. 18, 2000), 6th Dist. No. L-99-1259 citingShumaker v. Oliver B. Cannon Sons, Inc. (1986), 28 Ohio St.3d 367,369; Galletti v. Burns Internatl. (1991), 74 Ohio App.3d 680, 683.
 {¶ 11} In addition, when considering the issue of proximate cause in the workers' compensation context, the definition of and principles governing the determination of proximate cause in the field of torts are applicable. Murphy v. Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585, 587
(citations omitted). "The proximate cause of an event is that which in a natural and continuous sequence, unbroken by any new, independent cause, produces that event and without which that event would not have occurred.'" Valentine v. PPG Industries, Inc., 158 Ohio App.3d 615,2004-Ohio-4521, ¶ 16 quoting Aiken v. Indus. Comm. (1944),143 Ohio St. 113, 117.
 {¶ 12} In the present case, at trial, the videotaped deposition of Dr. John Kovesdi, an orthopedic surgeon, was presented by appellee in order to prove the medical causal link between appellee's work-related incident on October 6, 2003, and his osteoarthritis and impingement syndrome. Dr. Kovesdi testified as follows: *Page 5 
 {¶ 13} "Q. Doctor, specifically, do you have an opinion within a reasonable degree of medical certainty or probability as to whether or not his acknowledged injury in October of 2003 aggravated his preexisting osteoarthritis and impingement syndrome? First of all, do you have an opinion?
 {¶ 14} "A. Yes, I do.
 {¶ 15} "* * *
 {¶ 16} "Q. And the basis of that opinion.
 {¶ 17} "* * *
 {¶ 18} "A. Answer? Okay. The basis of the opinion is that the setup that he had, the otherwise mild symptoms related to the arthritis of the acromioclavicular joint and the otherwise mild response to the impingement symptoms of the shoulder before the injury are pretty typical.
 {¶ 19} "I see that all the time. They'll come in with a little ache or pain; and they did this, and it hurt for a while, and then it got better.
 {¶ 20} "But you go and do something like Denny had with the rupture of the long biceps tendon, a significant injury to the shoulder by itself, and then you repair it, and it's going to aggravate some of the existingproblems.
 {¶ 21} "And, in his case, that's the impingement, the arthritis of theAC joint and the chronic inflammation of the rotator cuff, which isimpingement. *Page 6 
 {¶ 22} "And that aggravated that, and he never really got over that aggravation to the rotator cuff portion of it, even though he had a fairly successful repair of his long biceps tendon. * * *" (Emphasis added.)
 {¶ 23} Appellant criticizes the phrasing of the question posed to Dr. Kovesdi and asserts that he was never asked what his opinion was. Upon a fair reading of the questions posed and Dr. Kovesdi's full response, we find that he did in fact give his opinion to the requisite degree of medical probability relative to the causation issue.
 {¶ 24} First, we note that the record reveals no dispute regarding approval of appellee's claim for the related long biceps tendon injury. Dr. Kovesdi opined that the repair of that undisputed covered injury aggravated appellee's preexisting conditions of osteoarthritis and impingement syndrome. We have recognized that aggravation of preexisting conditions are compensable under the workers' compensation system.Saurer v. Allied Moulded Products, Inc., 150 Ohio App.3d 271,2002-Ohio-6365, ¶ 16. After construing the foregoing expert testimony most strongly in favor of appellee, as we must, we find that the testimony provided the requisite causal connection between the October 2003 work incident and the aggravation of the conditions of osteoarthritis and impingement syndrome. We conclude that reasonable minds could reach different conclusions upon the issue of causation of appellee's conditions of osteoarthritis and impingement syndrome. Therefore, the trial court did not err in overruling appellant's motion for a directed verdict. Appellant's assignment of error is not well-taken. *Page 7 
 {¶ 25} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1