Matthias,
 
 J.
 

 The services' to be performed by the defendants were not unique or extraordinary personal services or of such character as to require special knowledge, skill or ability. On the contrary, upon default the same service could readily be obtained from others. It is quite apparent, therefore, that for the damages suffered as a result of the failure of the defendants to perform the contract in question plaintiff has' an adequate remedy 'at law; in fact, has pursued it.
 

 The only question before the court is whether injunction will lie to restrain defendants from “soliciting, gathering or hauling milk from the customers or producers” along the route previously worked by the defendants as plaintiff’s employees. It is our view that the principle applicable is the same whether defendants had wrongfully left the service of the plaintiff before the expiration of the period covered by the contract or, as' was their right, had ceased employment at the termination of the contract. The relationship of employer and employee having been terminated, in the absence of a contract not to engage in a
 
 *79
 
 competitive pursuit, upon what principle of equity may the defendants he restrained from entering into a similar service either for another or in their own name and right, though in direct competition with their former employer?
 

 As is disclosed by an examination of the numerous cases cited and analyzed in 23 A. L. R., 423, 34 A. L. R., 399 and 54 A. L. R., 350, it is held in the great majority of the cases which have passed upon the question, and certainly in the best considered decisions, that in the absence of an express contract, on taking a new employment in a competing business an employee may solicit for his new employer the trade or business of his former customers and will not be enjoined from so doing at the instance of his former employer.
 

 Here there was no contract between the parties attempting to control the business activities of the defendants subsequent to the termination of their service with the plaintiff; hence, we are not concerned with those cases in which the rights of the parties, where there is such a contract, were under consideration. The authorities are quite uniform that disclosures of trade secrets by an employee secured by him in the course of confidential employment will be restrained by the process of injunction, and in numerous instances. attempts to use for himself or for a new employer information relative to the trade or business in which he had been engaged, such as lists of customers regarded as confidential, have been restrained.
 

 The record in this case, however, discloses that there was no confidential list of customers or other information of a confidential character, nor was any fraud practiced or misrepresentation made by the defendants to procure customers, nor is any claimed. On the contrary, it does appear that defendants made full disclosure of the change of relationship to thejff
 
 *80
 
 customers old and new, many of whom were friends and relatives of the defendants.
 

 This1 case involves no question of trade secrets or confidential information. True, the decisions are not in accord; hut no well considered case has gone so far as to hold that one may be enjoined from seeking to do business with friends, though they become such in the course of and as a result of previous employment.
 

 As said by the court in
 
 Fulton Grand Laundry Co.
 
 v.
 
 Johnson,
 
 140 Md., 359, 117 A., 753, 23 A. L. R., 420: “Under such a rule, a traveling salesman, every time he changed employers, if in a like business, would be compelled to give up all the friends and business acquaintances made during the previous employment. Such a rule would tend to destroy the freedom of employees and to reduce them to a condition of industrial servitude.”
 

 The judgment of the Court of Appeals is' in all respects affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., • Day, Zimmerman, Williams, Myers and Gorman, JJ., concur.