ALBERT B. CORD CO., INC., APPELLEE, *v.* S. & P. MANAGEMENT
SERVICES, INC., ET AL., APPELLANTS.

(No. 9550—Decided February 8, 1965.)

*Messrs. Kyte, Conlan, Wulsin & Vogeler*, for appellee.
*Mr. Nicholas Bauer*, for appellants.

LONG, J.  The plaintiff-appellee is a corporation engaged in the business of management consultant.  This style of undertaking involves having solicitors contact industries which might need assistance in better management, the purpose being more profitable business.

Pickering, one of the defendants herein, who had been in the employ of the plaintiff for thirteen years and who had worked in a similar capacity for two other employers for seven years prior to working for plaintiff, decided to form a similar business connection with the other defendant, Schummer. Schummer was one of the so-called engineers also employed by the plaintiff, who was sent by plaintiff to a customer procured by Pickering. Schummer used his experience, knowledge and technical background, acquired over the years, in solving any management or production problems of such customer.  It is

not disputed that Pickering had the whole world for his territory of solicitation, and that he was not furnished any list of customers.

The evidence, in the opinion of this court, does not disclose any trade secrets or confidential information relative to plaintiff's business which the defendants, Pickering or Schummer, secured in the course of their employment by plaintiff.

It is true that the method of approach and the working out of the economic problems of a customer were similar in many cases, but Pickering and Schummer had been trained and were specialists in their field prior to their employment by the Cord Company or they would not have been employed by plaintiff. Plaintiff's business was simply a personal service enterprise. There was nothing confidential in the job which Pickering and Schummer had to do, so far as their employer was concerned. The evidence discloses that there are similar concerns in similar business.

When Pickering and Schummer decided to join hands and go into business for themselves, obviously they, and the company which they incorporated, became competitors of their former employer. The only limitation which the law imposed upon them was not to use confidential lists of customers or other information of a confidential nature of their former employer.

In the case at bar, there are no such lists or confidential information. If the plaintiff had considered that the employment of Pickering and Schummer was of such a character that they would acquire confidential information and contacts with customers which would injure appellee, in the event defendants severed relations with plaintiff and went into business for themselves, plaintiff could have secured by contract what it now seeks from the court. This, of course, would limit defendants but would not permanently keep them from engaging in the only business which they probably know.

Let us now look at the wording of the injunction granted against defendants: "* * * the defendants are enjoined from making any use in their * * * business of information secured * * * in the course of their confidential employment * * * including lists of past, present or *prospective clients* of plaintiff." (Italics supplied.)

This language, in the first place, would permit the employer to make up a "prospective" list of all the likely customers in the United States and, in the second instance, it is contrary to the evidence; the employment is not confidential and there are no lists. The trial court attempts to create such lists by what it calls, "memories." Paragraph three of the syllabus of the lower court's opinion is as follows:

"Where defendants are confidential employees intrusted with information in the regular course of their employment, of such a nature that it was not necessary that there be a written customer list *but memories were as good as any written list*, an injunction will issue." (Italics supplied.)

This is not the law. If it were, then no salesman or any other employee could leave his employer and go into business with others or for himself, for surely he would have some "memory" of what he had learned in his employer's business.

The case at bar, in the opinion of this court, comes clearly within the rule laid down in *Curry* v. *Marquart*, 133 Ohio St. 77. That case holds:

"In the absence of an express contract not to engage in a competitive pursuit, an employee, upon taking a new employment in a competing business, may solicit for his employer the trade or business of his former customers and will not be enjoined from so doing at the instance of his former employer where there is no disclosure or use of trade secrets or confidential information relative to the trade or business in which he had been engaged and which he had secured in the course of his former employment."

The *Curry* decision above was cited with approval by the Supreme Court in the case of *Briggs* v. *Butler*, 140 Ohio St. 499, at page 511. In the *Briggs case*, there was a *written agreement* by the employee not to engage in a similar business, and yet the Supreme Court held in paragraph one of the syllabus:

"A contract between an employer and employee whereby the latter agrees that subsequent to the termination of such employment he will not engage in a competitive business within a reasonably limited time and space is valid and enforceable where the restraint is not beyond that reasonably necessary for the protection of the employer's business, is not unreasonably restric-

tive upon the rights of the employee and does not contravene public policy.''

In the opinion of this court, the evidence in the case at bar does not warrant the judgement of the court below. Final judgment is rendered in favor of the defendants-appellants.

*Judgment reversed.*

HOVER, P. J. and HILDEBRANT, J., concur.