OPINION
{¶ 1} This is an appeal from a decision of the Court of Common Pleas of Stark County which granted summary judgment in favor of Appellee.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellee was employed by Trip Travel, Inc., a travel agency.
 {¶ 3} On April 24, 2001, Appellee gave notice to such employer that she was resigning effective May 8, 2001.
 {¶ 4} Appellee intended to establish a travel agency herself and on April 20, 2001, had registered a trade name, Travel by Missy, with the Secretary of State.
 {¶ 5} Appellee had no employment contract nor a no compete agreement with Trip Travel, Inc.
 {¶ 6} On May 15, 2001, Appellee initiated contact with clients of Trip Travel, Inc.
 {¶ 7} On July 21, 2001, such employer's business was purchased by Appellant, The Travel Trunk.
 {¶ 8} Appellant filed suit in October, 2002, asserting:
 {¶ 9} "(1) . . . breached her fiduciary duties during her employment with Trip Travel;
 {¶ 10} "(2) tortiously interfered with the business relations of Trip Travel; and
 {¶ 11} "(3) tortiously interfered with the existing and prospective contractual relationships between Trip Travel and its customers."
 {¶ 12} The trial court initially denied Appellee's Motion for Summary Judgment but, after considering Appellant's Rule 56 Motion and the response thereto, changed its opinion and granted Appellee's Motion.
 {¶ 13} The Assignments of Error are:
 I. {¶ 14} "The trial court erred by granting summary judgment in favor of russell, where the trial court had previously denied the motion, and where there was evidence demonstrating that russell prepared and engaged in competition with her employer prior to her departure from her employment.
 II. {¶ 15} "Alternatively, the trial court erred by not granting summary judgment in favor of travel trunk, where there was evidence with her employer prior to her departure from her employment."
 SUMMARY JUDGMENT STANDARD {¶ 16} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) states, in pertinent part:
 {¶ 17} Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
 {¶ 18} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall,77 Ohio St.3d 421, 429, 1997-Ohio-259 citing Dresher v. Burt,75 Ohio St.3d 280, 1996-Ohio-107.
 I., II. {¶ 19} We will address both Assignments of Error simultaneously as they are interrelated to the same issue and time of competition.
 {¶ 20} The evidence is clear that, while Appellee registered her trade name with the Secretary of State prior to her termination of employment with Trip Travel, Inc., she took no action to compete until subsequent to such end of employment. Also, no trade secrets were involved. The mere registration with the Secretary of State in anticipation of her new business does not, of itself, constitute competition. Cary Corp. v. Linder
Nov. 27, 2002, Cuyahoga App. No. 80589, 2002-Ohio-6483.
 {¶ 21} As quoted by Appellee, the Supreme Court in Curry v.Marquart (1937), 133 Ohio St. 77, stated:
 {¶ 22} "In the absence of an express contract not to engage in a competitive pursuit, an employee upon taking a new employment in a competing business, may solicit for his employer the trade or business of his former customers and will not be enjoined from doing so at the instance of his former employer where there is no disclosure or use of trade secrets or confidential information relative to the trade or business in which he had been engaged and which he had secured in the course of his former employment."
 {¶ 23} Here, without a contractual obligation to refrain from competition subsequent to employment, Appellee clearly falls within the purview of Curry v. Marquart, supra.
 {¶ 24} A claim of tortious interference with contract arises "when one party to a contract is induced to breach the contract by the malicious acts of a third person who is not a party to the contract." Battista v. Lebanon Trotting Ass'n (6th Cir., 1976),538 F.2d 111, 116.
 {¶ 25} No contractual arrangements were presented obligating a potential customer to deal with either appellant or appellee, therefore, no tortious interference with any business relationship occurred.
 {¶ 26} Both Assignments are denied.
 {¶ 27} The decision of the Stark County Court of Common Pleas is affirmed.
Farmer, P.J and Wise, J. concur.