OPINION
{¶ 1} Plaintiff-appellant, Dill-Elam, Inc. dba City Service, appeals a decision of the Clermont County Court of Common Pleas granting the summary judgment motions of defendants-appellees, Ted Smallwood/Smallwood Brothers Transportation Services, William Branigan, and Deborah Branigan. We affirm the decision of the trial court.
 {¶ 2} Appellant Dill-Elam, Inc. dba City Service ("City Service") is a freight transportation company. Appellee Ted Smallwood was hired as a trucking dispatcher for City Service in April 1999. During the course of his employment, and with the knowledge and consent of the company, Smallwood developed the expedited trucking division of City Service. As the head of this department, Smallwood had exclusive access to and control over the company's customer list, which included customer names, addresses, phone numbers, contact persons, rate schedules, order details, payments, personal characteristics, employee-driver compensation and benefits, and driver phone numbers. City Service maintains that it strove to keep this information confidential by granting sole access to Smallwood.[1]
 {¶ 3} Appellees William and Deborah Branigan (collectively, "the Branigans"), owners of Big Cheese Trucking Company, LLC, leased tractors and drivers to City Service between 1999 and 2001. In 2002, while Smallwood was still employed by City Service, he and the Branigans formed a new expedited freight hauling company, Smallwood Brothers Transportation Services, LLC ("SBTS"). SBTS was registered in the State of Ohio on May 21, 2002 and approved as of 5:01 p.m. on June 14, 2002. The company provided expedited freight transportation services similar to those of City Service. The Branigans contacted potential customers, some of whom were current or former customers of City Service, to inform them of the services to be provided by SBTS. All of these actions were taken without the knowledge or consent of City Service.
 {¶ 4} Smallwood quit his employment with City Service on June 14, 2002. Upon his departure, City Service alleges that Smallwood took confidential customer files with him and used the information contained therein to facilitate the operation of SBTS. City Service also contends that Smallwood shared this information with the Branigans, and never returned the files to City Service. Immediately after Smallwood's resignation, City Service lost a substantial number of clients to SBTS.
 {¶ 5} On November 18, 2002 City Service filed a complaint against Ted Smallwood/SBTS (collectively, "Smallwood") and the Branigans. City Service's amended complaint alleged four causes of action: (i) breach of the duty of good faith and loyalty; (ii) misrepresentation; (iii) conversion; and (iv) tortious interference with business relationships. Smallwood, William Branigan, and Deborah Branigan filed their respective motions for summary judgment on April 2, 2004. After hearing oral arguments, the trial court granted each of the three motions on December 6, 2004. City Service timely filed notice of appeal, asserting two assignments of error.
 {¶ 6} In its first assignment of error, City Service contends that the trial court erred in granting all three motions for summary judgment due to the fact that there exist questions of fact regarding three issues: (1) whether Ted Smallwood and William Branigan breached a duty of good faith and loyalty to City Service, (2) whether City Service's customer list was readily ascertainable from a source other than City Service, and (3) whether Ted Smallwood and the Branigans solicited City Service's customers.[2]
 {¶ 7} We review a trial court's decision on a summary judgment motion de novo. Burgess v. Tackas (1998),125 Ohio App.3d 294, 296. This court examines the evidence and applies the same standard as that applied by the trial court. Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. Pursuant to Civ.R. 56(C), summary judgment is proper where (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can only come to a conclusion adverse to the party against whom the motion is made, construing the evidence most strongly in that party's favor. See Harless at 66. The moving party bears the initial burden of informing the court of the basis for the motion, and demonstrating the absence of a genuine issue of material fact. Civ.R. 56(C). See, also, Dresher v. Burt,75 Ohio St.3d 280, 293, 1996-Ohio-107. If the moving party meets its burden, then the nonmoving party has a reciprocal burden to set forth specific facts showing a genuine issue for trial. Civ.R. 56(E). See, also, Dresher at 293.
 {¶ 8} All three issues raised under City Service's first assignment of error ultimately involve breach of the duty of good faith and loyalty. The question of whether an at-will employee owes his employer a duty of good faith and loyalty has not been directly addressed by the Ohio Supreme Court, though the court implicitly sanctioned this duty in dicta. See Connelly v.Balkwill (1954), 160 Ohio St. 430, 440. We agree that such a duty exists for the duration of employment. See Sayyah v.O'Farrell (Apr. 30, 2001), Brown App. No. CA2000-06-017, at 7. See, also, Staffilino Chevrolet, Inc. v. Balk,158 Ohio App.3d 1, 2004-Ohio-3633, ¶ 44; Berge v. Columbus Community CableAccess (1999), 136 Ohio App.3d 281, 326. This common law duty is breached when an employee competes with his or her current employer. Berge at 326. Upon termination of employment, an employee is free to compete with his former employer absent a restrictive covenant. Curry v. Marquart (1937),133 Ohio St. 77, paragraph one of the syllabus. The only limitations upon this entitlement to compete are that the employee cannot solicit customers of his employer prior to his resignation, and cannot disclose or use trade secrets or confidential information belonging to his former employer for the benefit of the competing business. Id.
 {¶ 9} Ted Smallwood was subject to the duty of good faith and loyalty while employed by City Service. It is undisputed that there were no enumerated restrictive covenants in this case due to the absence of a written employment contract or non-competition agreement. The fact that there were no written agreements, however, does not eliminate the common law duty of good faith and loyalty. Busch v. Premier Integrated Med. Assoc.,Ltd. (Sept. 5, 2003), Montgomery App. No. 19364, 2003-Ohio-4709, ¶ 72. Enduring for the entirety of his employment, this duty terminated upon Smallwood's departure from City Service. Curry
at 78-79. To survive summary judgment, the burden was on City Service to prove that material issues of fact existed involving either Smallwood's solicitation of City Service's customers prior to his resignation or Smallwood's use of trade secrets or confidential information belonging to City Service for the benefit of SBTS. See Curry at paragraph one of the syllabus.
 {¶ 10} First, we find that City Service presented no evidence showing that Smallwood solicited business during his employment. Although Smallwood conceded that he and the Branigans established SBTS while he was still an employee of City Service, there is no evidence that Smallwood thereafter solicited City Service customers before his resignation. The Branigans admitted to soliciting City Service customers, but as non-employees their solicitation was permissible. Busch, 2003-Ohio-4709 at ¶ 55. Further, it is possible that customers may have become aware of SBTS on their own initiative or through a source other than Ted Smallwood. As support for its allegations, City Service claimed that the exodus of so many of its customers to SBTS proved that Smallwood developed his client base while still a City Service employee. However, City Service submitted a single affidavit offering conclusory statements and speculative opinions unsupported by explicit facts. This is insufficient to establish that material issues of fact exist regarding Smallwood's purported solicitation of customers before leaving City Service.Dresher, 75 Ohio St.3d at 293.
 {¶ 11} Second, we find that City Service failed to present evidence establishing that Smallwood used trade secrets or confidential information belonging to City Service for the benefit of SBTS. As defined by R.C. 1333.61(D), a "trade secret" includes, inter alia, any business information or plans, financial information, or listing of names, addresses, or telephone numbers that is economically valuable to an employer and is not readily ascertainable by those who may improperly obtain an economic benefit from its use. City Service bore the burden of demonstrating that its information qualified for "trade secret" status and that it took precautions to maintain the information's secrecy. Cary Corp. v. Linder, Cuyahoga App. No. 80589, 2002-Ohio-6483, ¶ 23; R.C. 1333.61(D)(2) citing FredSiegel Co., L.P.A. v. Arter Hadden, 85 Ohio St.3d 171, 181,1999-Ohio-260. This it failed to do.
 {¶ 12} As support for its allegation that the customer list was a trade secret, City Service argued that the information contained therein was not readily ascertainable because the company spent years of time and effort developing business relationships with its customers. However, diligent cultivation of business relationships alone does not convert this client information into a trade secret. Rather, it is but one factor enumerated by the Ohio Supreme Court that may be considered in determining trade secret status. State ex rel. The Plain Dealerv. Ohio Dept. of Ins., 80 Ohio St.3d 513, 524-525, 1997-Ohio-75
citing Pyromatics, Inc. v. Petruziello (1983),7 Ohio App.3d 131, 134-135.
 {¶ 13} City Service's customer information was not unique to the expedited freight hauling trade, known only to City Service and its employees, or protected by substantial security measures. In addition, such information retained uncertain competitive value. Merely restricting access to this information to Smallwood, without more, is insufficient to label this information confidential or a trade secret. Further, City Service failed to show that Smallwood appropriated any confidential information contained in the customer list and used it to develop SBTS' clientele.
 {¶ 14} As noted above, William and Deborah Branigan were never employees of City Service and as such neither of them was subject to the employer-employee duty of good faith and loyalty to City Service. See Northeast Ohio College of Massotherapy v.Burek, 144 Ohio App.3d 196, 203-04, 2001-Ohio-3293. Even if they are classified as independent contractors, the Branigans were not bound by this duty unless both they and City Service considered the relationship to be fiduciary in nature. Id. at 204. City Service did not present evidence of the existence of a fiduciary relationship between itself and the Branigans. Accordingly, City Service failed to establish that material issues of fact exist concerning breach of the duty of good faith and loyalty on the part of the Branigans. Dresher at 293.
 {¶ 15} In light of the foregoing considerations, because there are no material issues of fact regarding any alleged breach of the duty of good faith and loyalty,[3] City Service's first assignment of error is overruled.
 {¶ 16} In its second assignment of error, City Service contends that the trial court erred in overruling its motion for summary judgment and in granting the respective motions of Smallwood, William Branigan, and Deborah Branigan because the court improperly discounted the affidavit of the president of City Service, Gary Dill.
 {¶ 17} Per Civ.R. 56(E), supporting affidavits must be based on personal knowledge and must contain evidence that would be admissible at trial. Thus, affidavits merely consisting of legal conclusions or opinions without supporting facts do not satisfy the nonmovant's reciprocal evidentiary burden. Stamper v.Middletown Hosp. Assn. (1989), 65 Ohio App.3d 65, 69.
 {¶ 18} In support of its allegations, City Service submitted the affidavit of its president, Gary Dill. In this document, Dill stated that he "discovered that Ted Smallwood utilized the company's resources in the development of Smallwood Brothers Transportation, LLC." Dill also contended that, upon Smallwood's resignation from City Service, Smallwood "took client lists, billing records, other confidential information and trade secrets of the business of Dill-Elam, Inc." In addition, Dill asserted that the company immediately lost "a substantial number of clients and income" to SBTS. No explanatory statements accompanied these allegations.
 {¶ 19} The trial court opined that Dill's statements were not based on personal knowledge and concluded that the evidence proffered by City Service was insufficient to satisfy its evidentiary burden because such evidence consisted only of hearsay, legal conclusions, baseless opinions, and conclusory allegations. Dresher at 293; Bank of New York v. Barclay,
Franklin App. No. 03AP-844, 2004-Ohio-1217, ¶ 13. We agree with the trial court's analysis and find that the court appropriately granted summary judgment in favor of Smallwood and the Branigans. Consequently, the court did not err in refusing to award summary judgment to the plaintiff City Service. City Service's second assignment of error is overruled.
 {¶ 20} Judgment affirmed.
Walsh and Young, JJ., concur.
[1] Though certain facts are in dispute, on summary judgment we must view the facts in a light most favorable to the nonmoving party, City Service. Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66.
[2] Neither of City Service's assignments of error challenges the trial court's granting of summary judgment in favor of Smallwood and the Branigans on City Service's claims of misrepresentation, conversion, and tortious interference. Consequently, those claims are not before us on appeal.
[3] There is some evidence that Smallwood prepared to compete while still in the employ of City Service. However, mere preparation for future competition, without more, is not sufficient to constitute a breach of the duty of good faith and loyalty so long as such preparation is not executed during work hours. Cary Corp. v. Linder, Cuyahoga App. No. 80589, 2002-Ohio-6483, ¶ 31-32. Also, City Service attached to its appellate brief a number of documents pertaining to Smallwood's allegedly competitive actions. These documents were not before the trial court, and consequently are not part of the record and cannot properly be considered by this court. Beardsley v.Manfredi Motor Transit Co. (1994), 97 Ohio App.3d 768, 769 ("In reviewing a trial court's decision granting summary judgment, a reviewing court * * * must look at the same evidentiary materials that the trial court looked at in its analysis.")